**UNITED STATES DISTRICT COURT**
*for the*
**WESTERN DISTRICT OF MICHIGAN**
SOUTHERN DIVISION

**FILED - GR**
June 29, 2015 12:51 PM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY _mkc_   SCANNED BY _____

| | | |
|---|---|---|
| REBEL HAYS | } | |
| | } | **1:15-cv-681** |
|     PLAINTIFF. | } Case No._____ | |
| V. | } | **Robert J. Jonker** |
| | } Hon. Judge._____ | **U.S. District Judge** |
| | } | |
| TRANSWORLD SYSTEMS INC. (TSI) | } | |
| KRISOR & ASSOCIATES. | } | |
| & JOHN D. KRISOR JR (Individually) | } | |
|   BROOKS J. GRAINGER (Individually) | } | |
|   IAN M. SEPTOSKI (Individually) | } | |
| | } | |
| | } | |
|   DEFENDANTS. | } | |
| _____./ | | **TRIAL by JURY DEMANED** |

## COMPLAINT

Plaintiff, Rebel Hays Hereby files law suit against Defendants TRANSWORLD SYSTEMS INC., KRISOR & ASSOCIATES and Individually: JOHN D. KRISOR JR, BROOKS J. GRAINGER, and IAN M. SEPTOSKI, for violations under the Fair Debt Collection Practices Act. (FDCPA) §1692 *et seq*. and alleges:

## PARTIES

PLAINTIFF: REBEL HAYS an adult individual consumer that resides at 1120 CEDAR STREET. NILES MI. 49120

DEFENDANT: TRANSWORLD SYSTEMS INC. upon information and belief is a collector of debt at 507 Prudential Road, Horsham, PA 19044

DEFENDANT: KRISOR & ASSOCIATES. is a collector of debt at 16801 Cleveland Rd. Granger, Indiana 46530-7088 , (P.O. Box 6200 SOUTH BEND, INDIANA. 46660)

DEFENDANT: JOHN D. KRISOR JR is a collector of debt at 16801 Cleveland Rd. Granger, Indiana 46530-7088 , (P.O. Box 6200 SOUTH BEND INDIANA 46660)

DEFENDANT: BROOKS J. GRAINGER is a collector of debt at 16801 Cleveland Rd. Granger, Indiana 46530-7088 , (P.O. Box 6200 SOUTH BEND INDIANA 46660)

DEFENDANT: IAN M. SEPTOSKI is a collector of debt at 16801 Cleveland Rd. Granger, Indiana 46530-7088 , (P.O. Box 6200 SOUTH BEND INDIANA 46660)

## PRELIMINARY STATEMENT

This is an action brought forth by Plaintiff, REBEL HAYS and now comes before the Court for damages upon consumer collection violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 *et seq*. All Defendants used a time barred instrument and took multiple judicial actions against Plaintiff.

The State law under which any debt arises provides the applicable statue of limitations for purposes of determining whether the obligation is time-barred rendering that no further legal actions can be taken,

Therefore Plaintiff alleges that no amount was ever owed to Defendants of any instrument of debt, judgment or any obligation of any or it has been satisfied and/or time barred pursuant to law and Defendants willfully and or knowingly took all listed judicial actions herein against Plaintiff as Defendants were fully knowledgeable that any and all legal or judicial remedies were not available to them for the use of judicial force to execute and or collect. All Defendants therefore are in violation of the FDCPA but not limited to the following.

## JURISDICTION AND VENUE

1. The jurisdiction of this Court is conferred by 15 U.S.C. §1692k(d) and  28 U.S.C. §1331 Jurisdiction of federal questions arising under sections of this chapter.

2. Venue is proper in this Circuit pursuant to 28 U.S.C. §1391b. And that all occurrences which give rise to all actions herein occurred in Berrien County Michigan, City of Niles.

3. Venue is therefore proper in The Southern District of Michigan.

4. All conditions precedent to the bringing of this action have been performed, waived or excused.

## FACTUAL ALLEGATIONS

5. Plaintiff, Rebel Hays is an adult natural person, a consumer within the meaning of the FDCPA, 15 U.S.C. § 1692a(3). And resides in the County of Berrien, State of Michigan, City of Niles.

6. Defendants TRANSWORLD SYSTEMS INC., KRISOR & ASSOCIATES, JOHN D. KRISOR JR, BROOKS J. GRAINGER, IAN M. SEPTOSKI, all Perform and are preforming duties and is regularly engaged in the process of debt collection and is a debt collector authorized, established and defined under §803(6) 15 USC 1692a(6) to collect consumer debt.

7. Defendant, JOHN D. KRISOR JR, is employed by KRISOR & ASSOCIATES and is personally involved in the collection of an alleged debt and authorized to do business in the State of Indiana and is located in Granger, Indiana. county of St. Joseph.

8. Defendant, BROOKS J. GRAINGER, is employed by KRISOR & ASSOCIATES and is personally involved in the collection of the alleged debt at issue and authorized to do business in the state of Indiana and is located in Granger, Indiana. county of St. Joseph.

9. Defendant, IAN M. SEPTOSKI, is employed by KRISOR & ASSOCIATES and is personally involved in the collection of the alleged debt at issue and authorized to do business in the state of Indiana and is located in Granger, Indiana. county of St. Joseph.

10. Defendants were sent through certified mailing a debt validation dispute letter from Plaintiff on April 22nd, 2015 as soon as Plaintiff became aware of their unlawful attempts to collect. Plaintiff became aware that the instruments in which defendants are using are clearly time barred and had been for years by law, thereby failing to validate any merits of there actions and reveal the creditor they continued unlawful collection efforts and actions. A violation of the FDCPA 15 U.S.C. § 1692g(4). *See attached exhibit #C certification, dispute Exhibit # E.*

11. On or about April 10th 2015, Plaintiff first learned of Defendants TRANSWORLD SYSTEMS INC., KRISOR & ASSOCIATES, JOHN D. KRISOR JR, BROOKS J. GRAINGER, IAN M. SEPTOSKI, together with their unlawful attempts and judicial actions to use legal force to take possession of Plaintiffs personal non-exempt property on an alleged time barred debt instrument. This is a violation of the FDCPA 15 U.S.C. § 1692f(6). Plaintiff received a motion for a Subpoena Duces Tecum for taking plaintiffs non-exempt property if any and any funds. a Court Order to appear at The Elkhart Superior Court 5 in Elkhart, Indiana. On 05/22/15 @ 1:00pm and then on June 19th 1:00pm and again on July 17th 2015 by method of USPS at Plaintiffs Niles Michigan residence, no other or prior notices were given. *See attached exhibit # A and A1 & D*

12. Discovery of all FDCPA Violations brought forth herein occurred on or about April 8th 2015 through and are yet continuing. And are within the statute of limitations to bring forth such a suit as defined in FDCPA § 813(d). 15 U.S.C. § 1692k(d).

13. Defendants TRANSWORLD SYSTEMS INC., KRISOR & ASSOCIATES, JOHN D. KRISOR JR, BROOKS J. GRAINGER, IAN M. SEPTOSKI, took legal actions repeatedly against Plaintiff attempting to collect on a instrument that is not authorized by the agreement or permitted by law. Defendants violated 15 U.S.C. § 1692f(1). *See attached exhibits # A & B*

14. Defendants were knowingly and or willfully using Legal force to collect on a alleged time barred instrument. Under Indiana Law IC 34-11-2-12 Specifically states verbatim "Every judgment and decree of any court of record of the United States, of Indiana, or of any other state shall be considered satisfied after the expiration of twenty (20) years." Therefore rendering no judicial remedies available for Defendants. *See attached exhibit # B*

15. Defendant's took judicial actions against Plaintiff using a barred instrument thereby violating State and Federal laws. The threat to take any action that cannot legally be taken or that is not intended to be taken. Defendants took repeated legal actions against Plaintiff, therefore violating 15 U.S.C. § 1692e (5). *See attached exhibits # A, A1, D and E.*

16 Defendant's TRANSWORLD SYSTEMS INC., KRISOR & ASSOCIATES, JOHN D. KRISOR JR, BROOKS J. GRAINGER and IAN M. SEPTOSKI do not have reasonable procedures in place or do not employ reasonable procedures to prevent such various violations of the FDCPA listed herein.

17. All Defendants have been misleading and have represented the false and legal status of an alleged debt, Plaintiff sent a dispute and validation letter to Defendants April 22nd 2015. *(exhibit C)* Plaintiff believes that Defendants are using a time barred instrument of which defendants are also using it to take legal actions against Plaintiff and are continuing judicial efforts. Defendants violated  FDCPA 15 U.S.C. § 1692e(2)(a). *See attached exhibit #B,C & E.*

18. All Defendants In an attempt to collect on a alleged time barred instrument from plaintiff using documents that are false and misleading, of no foundation, dubious unauthenticated and a false representation or deceptive means to use judicial force to collect or attempt to collect an alleged debt against Plaintiff. Defendants used time barred documents of which has no judicial authority, Defendants actions are a direct violation of 15 U.S.C § 1692e(10). *See exhibits #A #A1and #B*

19. Plaintiff has never owed any debt or contracted or had any business relationship with Defendants TRANSWORLD SYSTEMS INC.

20. Defendants TRANSWORLD SYSTEMS INC., KRISOR & ASSOCIATES, JOHN D. KRISOR JR, BROOKS J. GRAINGER and IAN M. SEPTOSKI took legal actions repeatedly against Plaintiff using a time barred instrument. *See attached exhibits A,A1 & D*

21. Defendants have no judicial authority to use any legal means or force to collect on an alleged debt and Plaintiff bears no obligation to any Defendants for any amount nor any amount of interest, fees or other.

22. Plaintiff has never had any business relationship with Defendants KRISOR & ASSOCIATES, JOHN D. KRISOR JR, BROOKS J. GRAINGER, or IAN M. SEPTOSKI.

23. Plaintiff denies owing Defendants anything through verbal, written contract or any other means. Transworld Systems Inc. has never been Plaintiffs creditor for anything. *See attached exhibit #F affidavits*

24. After validation was sent Defendants still made efforts to use judicial force to collect. Defendants have absolutely no legal enforceable right to use Elkhart Superior Court 5 to enforce collection of any alleged amount from plaintiff. *See attached exhibits #A,A1*

25. Defendants oppressive conduct used Superior Court 5 in Elkhart, Indiana. to obtain an order and Subpoena Duces Tecum to force Plaintiff to show cause and or relinquish personal and financial banking documents, clear ownership of any and all non-exempt vehicles, any real estate owned by plaintiff, State and Federal tax information, paycheck history and any funds held in any banks or escrow on three different occasions 05/22/15 @ 1PM, 06/19/15 @ 1PM and on 7/17/15 @ 1PM a means to take legal actions against Plaintiff, That Defendants knew they had no legally enforceable right to do so.

26. Plaintiff alleges that Defendants order to appear and the Subpoena Duces Tecum *(exhibit A&A1)* violates 15 U.S.C § 1692e(9). In that it simulates a document authorized, issued or approved by any court, official or agency of the United States or any State or creates a false impression as to its source, authorization or approval. Plaintiff also alleges that the court order for plaintiff to appear and the Subpoena Duces Tecum constitutes a false representation or implication that it is a legal process this act is a violation of 15 U.S.C § 1692e(13).

27. Plaintiff also alleges All Defendants and there numerous abusive, deceptive and unconscionable legal efforts justify maximum liability under the act. Defendants persistently took multiple legal actions against with the use of a time barred instrument even after Plaintiff brought validation to there attention on April 22nd of 2015.

## COUNT I
DEFENDANT TRANSWORLD SYSTEMS INC.
VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C.
§1692 *et seq*

28. Paragraphs 1 through 27 are re-alleged as though fully set forth herein.

29. Plaintiff is a consumer within the meaning of FDCPA 15U.S.C. 1692a(3).
And a resident of the State of Michigan for fifteen years.

30. Defendant TRANSWORLD SYSTEMS INC. is a debt collector as defined and
authorized under section §803(6), 15 USC 1692a(6) to collect consumer debt.

31. TRANSWORLD SYSTEMS INC. violated the FDCPA. Title 15 U.S.C.
§1692f(6), by unlawful oppressive attempts to use judicial actions against Plaintiff to collect and
to use legal force to seize possession of Plaintiffs personal non-exempt property based on a
barred instrument. Plaintiff received a motion for a Subpoena Duces Tecum for taking plaintiffs
non-exempt property if any and any funds that may have been held in his personal bank account.
Then was Court Ordered to appear and answer as to execution of said funds and personal
property at The Elkhart Superior Court 5 in Elkhart, Indiana. On 05/22/15 @ 1:00pm and then
again on June 19th @ 1:00pm. And July 17th 2015 @ 1pm *see exhibit # A, A1 & D*

32. On or about May 19th 2015, Plaintiff learned and became aware the instruments
TRANSWORLD SYSTEMS INC using in judicial matters against plaintiff are time barred,
plaintiffs dispute of the alleged debt and request for validation revealed a time barred instrument.
Plaintiff sent a debt validation dispute letter on April 22nd, 2015. as soon as plaintiff became
aware of defendants the unlawful actions taken against plaintiff. Defendants revealed to plaintiff a
instrument in which has been barred by law for years rendering there judicial actions unavailable
and therefore failing to validate any foundation for the judicial actions taken against Plaintiff.
Defendants continued unlawful judicial efforts and legal actions. TRANSWORLD SYSTEMS
INC is in violation of FDCPA 15 U.S.C. § 1692g(4) and § 1692g(5). *See attached exhibit #C*
*mailing certification, Exhibit #E their answer.*

33. Plaintiff alleges Defendant TRANSWORLD SYSTEMS INC., took legal actions

that were unavailable to defendants by attempting to collect on a debt instrument that is not authorized by the agreement or permitted by law. TRANSWORLD SYSTEMS INC  violated 15 U.S.C. § 1692f(1). *See attached exhibits # B&A*

34.  TRANSWORLD SYSTEMS INC. have represented the false and legal status of an alleged debt, the character and amount with a judicially barred instrument on or about May 20th 2015 of which TRANSWORLD SYSTEMS INC. are continuing there oppressive behavior with ongoing judicial efforts. Defendant violated  FDCPA 15 U.S.C. § 1692e(2)(a).  *See attached exhibit #B,C & E*

35. TRANSWORLD SYSTEMS INC. took oppressive judicial actions against Plaintiff using an instrument of which no judicial remedies of  law were available. The threat to take any action that cannot legally be taken or that is not intended to be taken. Defendants took repeated legal actions against Plaintiff, TRANSWORLD SYSTEMS INC violated 15 U.S.C. § 1692e(5). *See attached exhibits # A, A1, D and E.*

36. TRANSWORLD SYSTEMS INC. In an attempt to collect on a time barred instrument from plaintiff, Defendants used documents that are false and misleading, have no foundation for their cause being used and a false representation or deceptive means to collect or attempt to collect an alleged debt against Plaintiff. Defendants pursued Plaintiff judicially with instruments of which had no privilege of judicial authority or legal merit, TRANSWORLD SYSTEMS INC. actions are in violation of 15 U.S.C § 1692e(10). *See exhibits #A and #B*

37. Plaintiff alleges that the order to appear and the Subpoena Duces Tecum by Defendants violates 15 U.S.C § 1692e(9). In that it simulates a document authorized, issued or approved by any court, official or agency of the United States or any State or creates a false impression as to its source, authorization or approval. *(exhibit #A&A1)*

38. Plaintiff alleges that the court order for plaintiff to appear and the Subpoena Duces Tecum constitutes a false representation or implication that it is a legal process this act is a violation by TRANSWORLD SYSTEMS INC. of  15 U.S.C § 1692e(13).*(exhibit A,A1&D)*

39. All documents set forth herein by plaintiff are true and of first hand factual knowledge. *See exhibit #F*

40. TRANSWORLD SYSTEMS INC are and were aware the instrument used for taking judicial enforcement actions against Plaintiff was therefore legally barred from all judicial remedies as they gave careful attention and time to reply to Plaintiffs demand for validation. Plaintiff alleges they therefore were knowledgeable of the properties of all instruments and the merits for legal use as early as April 22nd , 2015.

## COUNT II
DEFENDANT KRISOR & ASSOCIATES.
VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692 *et seq*

41. Paragraphs 28 through 39 are re-alleged as though fully set forth herein.

42. Plaintiff is a consumer within the meaning of FDCPA 15U.S.C. 1692a(3). And a resident of the State of Michigan for fifteen years.

43. Defendant KRISOR & ASSOCIATES. is a debt collector as defined and authorized under section §803(6), 15 USC 1692a(6) to collect consumer debt and is regularly engaged in the process of debt collection.

44. KRISOR & ASSOCIATES. violated the FDCPA. Title 15 U.S.C. §1692f(6), by unlawful oppressive attempts to use judicial actions against Plaintiff to collect and to use legal force to seize possession of Plaintiffs personal non-exempt property based on a barred instrument. Plaintiff received a motion for a Subpoena Duces Tecum for taking plaintiffs non-exempt property if any and any funds that may have been held in his personal bank account. Then was Court Ordered to appear and answer as to execution of said funds and personal property at The Elkhart Superior Court 5 in Elkhart, Indiana. On 05/22/15 @ 1:00pm and then again on June 19th @ 1:00pm. And July 17th 2015 @ 1pm *see exhibit # A, A1 & D*

45. On or about May 19th 2015, Plaintiff learned and became aware the instruments

KRISOR & ASSOCIATES using in judicial matters against plaintiff are time barred, plaintiffs dispute of the alleged debt and request for validation revealed a time barred instrument. Plaintiff sent a debt validation dispute letter on April 22nd, 2015. as soon as plaintiff became aware of defendants the unlawful actions taken against plaintiff. Defendants revealed to plaintiff a instrument in which has been barred by law for years rendering there judicial actions unavailable and therefore failing to validate any foundation for the judicial actions taken against Plaintiff. Defendants continued unlawful judicial efforts and legal actions. KRISOR & ASSOCIATES is in violation of FDCPA 15 U.S.C. § 1692g(4) and § 1692g(5). *See attached exhibit #C mailing certification, Exhibit #E their answer.*

46. Plaintiff alleges Defendant KRISOR & ASSOCIATES., took legal actions that were unavailable to defendants by attempting to collect on a debt instrument that is not authorized by the agreement or permitted by law. KRISOR & ASSOCIATES  violated 15 U.S.C. § 1692f(1). *See attached exhibits # B&A*

47. KRISOR & ASSOCIATES. have represented the false and legal status of an alleged debt, the character and amount with a judicially barred instrument on or about May 20th 2015 of which KRISOR & ASSOCIATES are continuing there oppressive behavior with ongoing judicial efforts. Defendant violated  FDCPA 15 U.S.C. § 1692e(2)(a). *See attached exhibit #B,C & E*

48. KRISOR & ASSOCIATES. took oppressive judicial actions against Plaintiff using an instrument of which no judicial remedies of  law were available. The threat to take any action that cannot legally be taken or that is not intended to be taken. Defendants took repeated legal actions against Plaintiff, KRISOR & ASSOCIATES violated 15 U.S.C. § 1692e(5). *See attached exhibits # A, A1, D and E.*

49. KRISOR & ASSOCIATES In an attempt to collect on a time barred instrument from plaintiff, Defendants used documents that are false and misleading, have no foundation for their cause being used and a false representation or deceptive means to collect or attempt to collect an alleged debt against Plaintiff. Defendants pursued Plaintiff judicially with instruments

of which had no privilege of judicial authority or legal merit, KRISOR & ASSOCIATES. actions are in violation of 15 U.S.C § 1692e(10). *See exhibits #A and #B*

50. Plaintiff alleges that the order to appear and the Subpoena Duces Tecum by Defendants violates 15 U.S.C § 1692e(9). In that it simulates a document authorized, issued or approved by any court, official or agency of the United States or any State or creates a false impression as to its source, authorization or approval. *(exhibit #A&A1)*

51. Plaintiff alleges that the court order for plaintiff to appear and the Subpoena Duces Tecum constitutes a false representation or implication that it is a legal process this act is a violation by KRISOR & ASSOCIATES. of  15 U.S.C § 1692e(13).*(exhibit A,A1&D)*

52. All documents set forth herein by plaintiff are true and of first hand factual knowledge. *See exhibit #F*

53. KRISOR & ASSOCIATES are and were aware the instrument used for taking judicial enforcement actions against Plaintiff was therefore legally barred from all judicial remedies as they gave careful attention and time to reply to Plaintiffs demand for validation. Plaintiff alleges they therefore were knowledgeable of the properties of all instruments and the merits for legal use as early as April 22nd , 2015.

## COUNT III
### DEFENDANT JOHN D. KRISOR JR,.
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692 *et seq*

54. Paragraphs 40 through 52 are re-alleged as though fully set forth herein

55. Plaintiff is a consumer within the meaning of  FDCPA 15U.S.C. 1692a(3).And a resident of the State of Michigan for fifteen years.

56. Defendant JOHN D. KRISOR JR is a debt collector as defined and authorized under section §803(6), 15 USC 1692a(6) to collect consumer debt and is regularly engaged in the process of debt collection.

57. JOHN D. KRISOR JR violated the FDCPA. Title 15 U.S.C. §1692f(6), by unlawful oppressive attempts to use judicial actions against Plaintiff to collect and to use legal force to seize possession of Plaintiffs personal non-exempt property based on a barred instrument. Plaintiff received a motion for a Subpoena Duces Tecum for taking plaintiffs non-exempt property if any and any funds that may have been held in his personal bank account. Then was Court Ordered to appear and answer as to execution of said funds and personal property at The Elkhart Superior Court 5 in Elkhart, Indiana. On 05/22/15 @ 1:00pm and then again on June 19th @ 1:00pm. And July 17th 2015 @ 1pm *see exhibit # A, A1 & D*

58. On or about May 19th 2015, Plaintiff learned and became aware the instruments JOHN D. KRISOR JR using in judicial matters against plaintiff are time barred, plaintiffs dispute of the alleged debt and request for validation revealed a time barred instrument. Plaintiff sent a debt validation dispute letter on April 22nd, 2015. as soon as plaintiff became aware of defendants the unlawful actions taken against plaintiff. Defendants revealed to plaintiff a instrument in which has been barred by law for years rendering there judicial actions unavailable and therefore failing to validate any foundation for the judicial actions taken against Plaintiff. Defendants continued unlawful judicial efforts and legal actions. JOHN D. KRISOR JR is in violation of FDCPA 15 U.S.C. § 1692g(4) and § 1692g(5). *See attached exhibit #C mailing certification, Exhibit #E their answer.*

59. Plaintiff alleges Defendant JOHN D. KRISOR JR, took legal actions that were unavailable to defendants by attempting to collect on a debt instrument that is not authorized by the agreement or permitted by law. JOHN D. KRISOR JR violated 15 U.S.C. § 1692f(1). *See attached exhibits # B&A*

60. JOHN D. KRISOR JR have represented the false and legal status of an alleged debt, the character and amount with a judicially barred instrument on or about May 20th 2015 of which JOHN D. KRISOR JR are continuing there oppressive behavior with ongoing judicial efforts. Defendant violated  FDCPA 15 U.S.C. § 1692e(2)(a). *See attached exhibit #B,C & E*

61. JOHN D. KRISOR JR took oppressive judicial actions against Plaintiff using an instrument of which no judicial remedies of law were available. The threat to take any action that cannot legally be taken or that is not intended to be taken. Defendants took repeated legal actions against Plaintiff, JOHN D. KRISOR JR violated 15 U.S.C. § 1692e(5). *See attached exhibits # A, A1, D and E.*

62. JOHN D. KRISOR JR In an attempt to collect on a time barred instrument from plaintiff, Defendants used documents that are false and misleading, have no foundation for their cause being used and a false representation or deceptive means to collect or attempt to collect an alleged debt against Plaintiff. Defendants pursued Plaintiff judicially with instruments of which had no privilege of judicial authority or legal merit, JOHN D. KRISOR JR. actions are in violation of 15 U.S.C § 1692e(10). *See exhibits #A and #B*

63. Plaintiff alleges that the order to appear and the Subpoena Duces Tecum by Defendants violates 15 U.S.C § 1692e(9). In that it simulates a document authorized, issued or approved by any court, official or agency of the United States or any State or creates a false impression as to its source, authorization or approval. *(exhibit #A&A1)*

64. Plaintiff alleges that the court order for plaintiff to appear and the Subpoena Duces Tecum constitutes a false representation or implication that it is a legal process this act is a violation by JOHN D. KRISOR JR of 15 U.S.C § 1692e(13).*(exhibit A,A1&D)*

65. All documents set forth herein by plaintiff are true and of first hand factual knowledge. *See exhibit #F*

66. JOHN D. KRISOR JR are and were aware the instrument used for taking judicial enforcement actions against Plaintiff was therefore legally barred from all judicial remedies as they gave careful attention and time to reply to Plaintiffs demand for validation. Plaintiff alleges they therefore were knowledgeable of the properties of all instruments and the merits for legal use as early as April 22nd , 2015.

## COUNT IV
DEFENDANT BROOKS J. GRAINGER.
VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C.
§1692 *et seq*

67. Paragraphs 53 through 65 are re-alleged as though fully set forth herein

68. Plaintiff is a consumer within the meaning of FDCPA 15U.S.C. 1692a(3).And a resident of the State of Michigan for fifteen years.

69. Defendant BROOKS J. GRAINGER is a debt collector as defined and authorized under section §803(6), 15 USC 1692a(6) to collect consumer debt and is regularly engaged in the process of debt collection.

70. BROOKS J. GRAINGER violated the FDCPA. Title 15 U.S.C. §1692f(6), by unlawful oppressive attempts to use judicial actions against Plaintiff to collect and to use legal force to seize possession of Plaintiffs personal non-exempt property based on a barred instrument. Plaintiff received a motion for a Subpoena Duces Tecum for taking plaintiffs non-exempt property if any and any funds that may have been held in his personal bank account. Then was Court Ordered to appear and answer as to execution of said funds and personal property at The Elkhart Superior Court 5 in Elkhart, Indiana. On 05/22/15 @ 1:00pm and then again on June 19th @ 1:00pm. And July 17th 2015 @ 1pm *see exhibit # A, A1 & D*

71. On or about May 19th 2015, Plaintiff learned and became aware the instruments BROOKS J. GRAINGER using in judicial matters against plaintiff are time barred, plaintiffs dispute of the alleged debt and request for validation revealed a time barred instrument. Plaintiff sent a debt validation dispute letter on April 22nd, 2015. as soon as plaintiff became aware of defendants the unlawful actions taken against plaintiff. Defendants revealed to plaintiff a instrument in which has been barred by law for years rendering there judicial actions unavailable and therefore failing to validate any foundation for the judicial actions taken against Plaintiff. Defendants continued unlawful judicial efforts and legal actions. BROOKS J. GRAINGER is in violation of FDCPA 15 U.S.C. § 1692g(4) and § 1692g(5). *See attached exhibit #C mailing certification, Exhibit #E their answer.*

72. Plaintiff alleges Defendant BROOKS J. GRAINGER, took legal actions that were unavailable to defendants by attempting to collect on a debt instrument that is not authorized by the agreement or permitted by law. BROOKS J. GRAINGER violated 15 U.S.C. § 1692f(1). *See attached exhibits # B&A*

73. BROOKS J. GRAINGER have represented the false and legal status of an alleged debt, the character and amount with a judicially barred instrument on or about May 20th 2015 of which JOHN D. KRISOR JR are continuing there oppressive behavior with ongoing judicial efforts. Defendant violated  FDCPA 15 U.S.C. § 1692e(2)(a).  *See attached exhibit #B,C & E*

74. BROOKS J. GRAINGER took oppressive judicial actions against Plaintiff using an instrument of which no judicial remedies of  law were available. The threat to take any action that cannot legally be taken or that is not intended to be taken. Defendants took repeated legal actions against Plaintiff, JOHN D. KRISOR JR violated 15 U.S.C. § 1692e(5). *See attached exhibits # A, A1, D and E.*

75. BROOKS J. GRAINGER In an attempt to collect on a time barred instrument from plaintiff, Defendants used documents that are false and misleading, have no foundation for their cause being used and a false representation or deceptive means to collect or attempt to collect an alleged debt against Plaintiff. Defendants pursued Plaintiff judicially with instruments of which had no privilege of judicial authority or legal merit, JOHN D. KRISOR JR. actions are in violation of 15 U.S.C § 1692e(10). *See exhibits #A and #B*

76. Plaintiff alleges that the order to appear and the Subpoena Duces Tecum by Defendants violates 15 U.S.C § 1692e(9). In that it simulates a document authorized, issued or approved by any court, official or agency of the United States or any State or creates a false impression as to its source, authorization or approval. *(exhibit #A&A1)*

77. Plaintiff alleges that the court order for plaintiff to appear and the Subpoena Duces Tecum constitutes a false representation or implication that it is a legal process this act is a

violation by BROOKS J. GRAINGER of  15 U.S.C § 1692e(13).*(exhibit A,A1&D)*

78. All documents set forth herein by plaintiff are true and of first hand factual knowledge. *See exhibit #F*

79. BROOKS J. GRAINGER are and were aware the instrument used for taking judicial enforcement actions against Plaintiff was therefore legally barred from all judicial remedies as they gave careful attention and time to reply to Plaintiffs demand for validation. Plaintiff alleges they therefore were knowledgeable of the properties of all instruments and the merits for legal use as early as April 22nd , 2015.

## COUNT V
### DEFENDANT IAN M. SEPTOSKI
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692 *et seq*

80. Paragraphs 66 through 78 are realleged as though fully set forth herein

81. Plaintiff is a consumer within the meaning of  FDCPA 15U.S.C. 1692a(3).And a resident of the State of Michigan for fifteen years.

82. Defendant IAN M. SEPTOSKI is a debt collector as defined and authorized under section §803(6), 15 USC 1692a(6) to collect consumer debt and is regularly engaged in the process of debt collection.

83. IAN M. SEPTOSKI violated the FDCPA. Title 15 U.S.C. §1692f(6), by unlawful oppressive attempts to use judicial actions against Plaintiff to collect and to use legal force to seize possession of Plaintiffs personal non-exempt property based on a barred instrument. Plaintiff received a motion for a Subpoena Duces Tecum for taking plaintiffs non-exempt property if any and any funds that may have been held in his personal bank account. Then was Court Ordered to appear and answer as to execution of said funds and personal property at The Elkhart Superior Court 5 in Elkhart, Indiana. On 05/22/15 @ 1:00pm and then again on June 19th

@ 1:00pm. And  July 17th 2015 @ 1pm  *see exhibit # A, A1 & D*

84. On or about May 19th 2015, Plaintiff learned and became aware the instruments IAN M. SEPTOSKI using in judicial matters against plaintiff are time barred, plaintiffs dispute of the alleged debt and request for validation revealed a time barred instrument. Plaintiff sent a debt validation dispute letter on April 22nd, 2015. as soon as plaintiff became aware of defendants the unlawful actions taken against plaintiff. Defendants revealed to plaintiff a instrument in which has been barred by law for years rendering there judicial actions unavailable and therefore failing to validate any foundation for the judicial actions taken against Plaintiff. Defendants continued unlawful judicial efforts and legal actions. IAN M. SEPTOSKI is in violation of FDCPA 15 U.S.C. § 1692g(4) and § 1692g(5). *See attached exhibit #C mailing certification, Exhibit #E their answer.*

85. Plaintiff alleges Defendant IAN M. SEPTOSKI, took legal actions that were unavailable to defendants by attempting to collect on a debt instrument that is not authorized by the agreement or permitted by law. IAN M. SEPTOSKI violated 15 U.S.C. § 1692f(1). *See attached exhibits # B&A*

86. IAN M. SEPTOSKI have represented the false and legal status of an alleged debt, the character and amount with a judicially barred instrument on or about May 20th 2015 of which IAN M. SEPTOSKI are continuing there oppressive behavior with ongoing judicial efforts. Defendant violated  FDCPA 15 U.S.C. § 1692e(2)(a). *See attached exhibit #B,C & E*

87. IAN M. SEPTOSKI took oppressive judicial actions against Plaintiff using an instrument of which no judicial remedies of  law were available. The threat to take any action that cannot legally be taken or that is not intended to be taken. Defendants took repeated legal actions against Plaintiff, IAN M. SEPTOSKI violated 15 U.S.C. § 1692e(5). *See attached exhibits # A, A1, D and E.*

88. IAN M. SEPTOSKI In an attempt to collect on a time barred instrument from plaintiff, Defendants used documents that are false and misleading, have no foundation for their

cause being used and a false representation or deceptive means to collect or attempt to collect an alleged debt against Plaintiff. Defendants pursued Plaintiff judicially with instruments of which had no privilege of judicial authority or legal merit, IAN M. SEPTOSKI actions are in violation of 15 U.S.C § 1692e(10). *See exhibits #A and #B*

89. Plaintiff alleges that the order to appear and the Subpoena Duces Tecum by Defendants violates 15 U.S.C § 1692e(9). In that it simulates a document authorized, issued or approved by any court, official or agency of the United States or any State or creates a false impression as to its source, authorization or approval. *(exhibit #A&A1)*

90. Plaintiff alleges that the court order for plaintiff to appear and the Subpoena Duces Tecum constitutes a false representation or implication that it is a legal process this act is a violation by IAN M. SEPTOSKI of 15 U.S.C § 1692e(13).*(exhibit A,A1&D)*

91. All documents set forth herein by plaintiff are true and of first hand factual knowledge. *See exhibit #F*

92. IAN M. SEPTOSKI are and were aware the instrument used for taking judicial enforcement actions against Plaintiff was therefore legally barred from all judicial remedies as they gave careful attention and time to reply to Plaintiffs demand for validation. Plaintiff alleges they therefore were knowledgeable of the properties of all instruments and the merits for legal use as early as April 22nd , 2015.

**WHEREFORE,** Set forth in the above counts Plaintiff prays for judgment and relief for maximum statutory damages against all Defendants, any and all attorney's fees and court costs, any costs incurred in this action as may bear, any relief the court deems just and proper pursuant to 15 U.S.C. §1681n. & §1681o. and any such further relief that the Honorable Court and or Jury may find in favor of the Plaintiff.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: June 25th ,2015

Respectfully submitted,

x

Rebel Hays

*rebelhays@comcast.net*
1120 CEDAR ST.
NILES, MI.49120
269-743-4102