UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REBEL HAYS,

        Plaintiff,

v.

Case No. 1:15-cv-681

Hon. Robert J. Jonker

TRANSWORLD SYSTEMS, INC.,
*et al.*,

        Defendants.

_____/

**REPORT AND RECOMMENDATION**

*Pro se* plaintiff filed this action seeking relief under the Fair Debt Collection Practices Act (FDCPA"), 15 U.S.C. § 1692 *et seq.* This matter is now before the Court on defendant "Transworld Systems Inc.'s Motion and incorporated memorandum in support of its motion to dismiss" (docket no. 14).

    **I.**    **Background**

Plaintiff filed his complaint on June 29, 2015. *See* Compl. (docket no. 1). Defendant Transworld Systems Inc. ("Transworld") was served with a summons and complaint on November 10, 2015. *See* Summons (docket no. 16). On December 1, 2015, Transworld filed the present motion seeking to dismiss plaintiff's claim without prejudice pursuant to Fed. R. Civ. P. 12(b)(5) and 4(m) for failure to timely serve the summons and complaint.[1]

---

[1] The Court advises defendant Transworld that future motions must be accompanied by a separate supporting brief. *See* W.D. Mich. LCivR 7.1(a) ("[a]ll motions, except those made during a hearing or trial, shall be accompanied by a supporting brief").

## II.   Legal Standard

Fed. R. Civ. P. 12(b)(5) allows a party to move for dismissal for "insufficient service of process." The Court may construe a motion to dismiss for ineffective service of process as a motion to quash service. *See Young's Trading Company v. Fancy Import, Inc.*, 222 F.R.D. 341, 342-43 (W.D. Tenn. 2004) ("[w]here service is ineffective, a court has discretion to either dismiss the action or quash service and retain the case") (citing *Haley v. Simmons*, 529 F.2d 78, 79 (8th Cir.1976)); *Daley v. ALIA*, 105 F.R.D. 87, 89 (E.D. N.Y.1985) ("[w]hen the gravamen of defendant's motion is insufficiency of process, however, the motion must be treated as one to quash service, with leave to plaintiffs to attempt valid service"). Indeed, the Sixth Circuit has expressed a preference to treat the first motion for improper service as a motion to quash rather than a motion to dismiss. *See Stern v. Beer*, 200 F.2d 794, 795 (6th Cir. 1953) ("if the first service of process is ineffective, a motion to dismiss should not be granted, but the case should be retained for proper service later").

## III.   Discussion

Here, defendant seeks dismissal because plaintiff did not accomplish service within the time frame set forth in Fed. R. Civ. P. 4(m). When plaintiff filed this action, Fed. R. Civ. P. 4(m) provided in pertinent part that:

> If a defendant is not served within 120 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . .

Fed. R. Civ. P. 4(m) (eff. Dec. 1, 2007). Here, plaintiff filed the complaint on June 29, 2015. The summons was issued on July 10, 2015 and served on November 10, 2015. *See* Summons. Based on this time line, Transworld was served 134 days after plaintiff filed the complaint. Transworld's

sole claim is that the case should be dismissed without prejudice because plaintiff served it 14 days beyond the 120-day deadline in Fed. R. Civ. P. 4(m).

Plaintiff's response addresses two issues. First, plaintiff points out that Transworld did not serve him a copy of the motion to dismiss. The Court notes that Transworld did not file a proof of service but relied on notice through the Court's electronic filing system. See Motion at PageID.57. Based on this record, Transworld did not serve its motion pursuant to W.D. Mich. LCivR 5.7, which requires nonelectronic service on *pro se* parties:

> <u>Service on unregistered attorneys and *pro se* parties</u> - Counsel filing any pleading or other paper must serve attorneys not registered under this rule and *pro se* parties by nonelectronic means of service under Rule 5. A proof of service must be filed.

W.D. Mich. LCivR 5.7(i)(iii).

Second, plaintiff stated that he had problems identifying the registered agent for Transworld because, among other things, Transworld changed its registered agents (i.e., "there were two names found"), and plaintiff was concerned that he would serve the wrong entity. Plaintiff's Response (docket no. 17, PageID.61). In this regard, the Court notes that the summons contains two addresses for Transworld's registered agent, and was ultimately served at an address in Bingham Farms, Michigan. *See* Summons. Transworld did not contest plaintiff's explanation regarding the registered agent.

In summary: plaintiff missed the 120-day deadline for serving Transworld because he reportedly had trouble identifying the correct registered agent; Transworld did not properly serve the present motion to dismiss; and, if Transworld's motion to dismiss had been properly served it should be treated it as a motion to quash service rather than as a motion to dismiss the complaint.

*See Stern*, 200 F.2d at 795. Under the circumstances of this case, the Court concludes that plaintiff has shown good cause for failing to serve Transworld within 120 days of filing the complaint and that he should be granted an extension of time to serve this defendant. Typically, the Court would direct the Clerk's Office to re-issue a summons for service. However, in this case, the additional time and expense of issuing and serving a new summons on Transworld would only serve to delay these proceedings. Transworld has identified no flaw with service other than untimeliness. Accordingly, the undersigned concludes that plaintiff should be granted an extension of time to serve Transworld, that the summons served on Transworld on November 10, 2015 be deemed timely, and that Transworld be given 21 days to respond to plaintiff's complaint.

## IV. Recommendation

For the reasons set forth above, I respectfully recommend that defendant Transworld's motion to dismiss (docket no. 14) be **DENIED**.

I further recommend that plaintiff be granted an extension of time to serve Transworld and that the summons served on Transworld on November 10, 2015 be deemed timely.

I further recommend that Transworld be given **21 days** to respond to plaintiff's complaint.

Dated: May 24, 2016 /s/ Ray Kent
RAY KENT
United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).